Justice Breyer,
concurring in part and concurring in the judgment.
Section 10(b) of the Securities Exchange Act of 1934 applies to fraud “in connection with” two categories of transactions: (1) “the purchase or sale of any security registered on a national securities exchange” or (2) “the purchase or sale of . . . any security not so registered.” 15 U. S. C. §78j(b). In this case, the purchased securities are listed only on a few foreign exchanges, none of which has registered with the Securities and Exchange Commission as a “national securities exchange.” See § 78f. The first category therefore does not apply. Further, the relevant purchases of these unregistered securities took place entirely in Australia and involved only Australian investors. And in accordance with the presumption against extraterritoriality, I do not read the second category to include such transactions. Thus, while state law or other federal fraud statutes, see, e. g., 18 U. S. C. *274 §1341 (mail fraud), §1343 (wire fraud), may apply to the fraudulent activity alleged here to have occurred in the United States, I believe that § 10(b) does not. This case does not require us to consider other circumstances.
To the extent the Court’s opinion is consistent with these views, I join it.